Syllabus—Statement.

FLORA HOFFMAN vs. THE MAYOR AND COUNCIL OF WILMINGTON, a corporation of the State of Delaware.

1. CONSTITUTIONAL LAW—JUDICIAL FUNCTIONS—WISDOM OF STATUTE.
    The court cannot consider the wisdom or policy of a statute.

2. MUNICIPAL CORPORATIONS—SIDEWALKS—OBSTRUCTIONS—STATUTES—"AGENTS OF THE CITY".

    Plumbers, who have a license to excavate a street, and thereby cause an obstruction whereby a pedestrian is injured, were not the "agents of the city," within 18 *Del. Laws, c.* 663, providing that cities are liable for injuries due to defective condition of the footways only when caused by the city or its authorized agents.

*(March 25, 1914.)*

Judges BOYCE and CONRAD sitting.

*David J. Reinhardt* for plaintiff.

*Daniel O. Hastings*, City Solicitor, and *John Lynn*, Assistant City Solicitor, for the defendant.

Superior Court, New Castle County, March Term, 1914.

ACTION ON THE CASE (No. 24, May Term, 1913), brought by Flora Hoffman against the Mayor and Council of Wilmington to recover damages for personal injuries alleged to have been received on December 4, 1912, about six o'clock in the evening, by stumbling over an obstruction on the pavement on East Twelfth Street in said city. The obstruction consisted of a mound of fresh earth across the pavement and of a height of about four to six inches covered with two boards slightly wider than the mound.

Plaintiff alleged there were no danger lights nor guards to warn travelers of said obstruction and at the time of the accident the street lights had not been lighted. It was not denied that the obstruction was caused by plumbers who were connecting a house at that point with the sewer under a license granted by the Street and Sewer Department of the City of Wilmington. Plaintiff contended that said licensees were agents of the city. The defendant contended that the said licensees were not agents of the city, and at the conclusion of the case moved for binding instructions in favor of the defendant. Binding instructions given to find for defendant.

BOYCE, J., delivering the opinion of the court:

This is an action brought by Flora Hoffman, the plaintiff, to recover damages for personal injuries alleged to have been sustained by the negligence of the Mayor and Council of Wilmington, the defendant.

The plaintiff claims that early in the evening, on the fourth day of December, A. D. 1912, as she was going along the sidewalk to a store on East Twelfth Street, in this city, she tripped and fell over the ridge or mound of earth covered by boards on the sidewalk, at or near No. 517 in said street, and dislocated her shoulder, and also greatly bruised and injured her face, left arm and knees.

The amended declaration, relied upon in this action, contains six counts, being numbered from two to seven inclusive.

By the second, third and fourth counts it is averred in substance that the defendant did by and through its authorized or licensed agents open or cause to be opened a certain trench across the sidewalk in said street, between Lombard and Pine Streets, for the purpose of making certain sewer connections therein mentioned. By the fifth and sixth counts it is averred that the defendant did authorize and permit certain persons in the plumbing business to open a part of said sidewalk for the like purpose. By the seventh count it is averred in substance that the defendant by and through its negligence and carelessness suffered and permitted said street to be and remain in an unsafe and dangerous condition, etc.

It is not alleged, and it is not claimed, that it was the duty of the defendant to make said sewer connections.

At the close of the case counsel for the defendant moved the court to instruct the jury to return a verdict for the defendant for the reasons: (1) That the negligence, if any, of the plumbers—licensees of the defendant—was not attributable to the city; (2) that under *Chapter* 663, *Volume* 18, *Laws of Delaware* 1889, passed April 24, 1889, there is no duty on the city respecting holes, excavations, or obstructions in or upon sidewalks unless caused by the city or its authorized agents; (3) that the mere granting of a license or permit by the proper authorities of the

defendant to make sewer connections does not constitute an agency within the meaning of the statute, which is as follows: "The owner of any premises fronting upon any footways shall be solely responsible for any damage that may result to persons or property by reason of any hole, excavation or obstruction in or upon such footways, or from any defective condition of such footways, *Provided however*, that such hole, excavation or obstruction or other defective condition of the footways aforesaid is not caused by the city or any of its authorized agents."

Counsel for the plaintiff, in opposing the application for binding instructions, relies upon the case of *Anderson v. Wilmington*, 8 *Houst.* 516, 19 *Atl.* 509. The cause of action in that case accrued before, but it was not tried until after, the enactment of said statute; and no reference was made thereto in the charge of the court to the jury. The effect of the decision was to hold the city liable if by the construction of the alleged defective sewer the cellar of the plaintiff was flooded and his property was thereby injured.

The Supreme Court of this state, in the case of *Mayor and Council v. Ewing*, 2 *Penn.* 100, 43 *Atl.* 307, in holding said act to be constitutional and effective by express terms to limit the liability of the city to cases of defective condition of footways "caused by the city or any of its authorized agents," said: "The liability of a municipal corporation for injuries resulting from defective streets and sidewalks is either an express statutory liability or an implied liability. In general, but not uniformly, it has been held that where the duty of control over the streets is imposed upon a municipal corporation, there is an implied liability arising from default in the performance of such duty. Such has been the construction given by the courts of this state to the charter of the City of Wilmington as it existed prior to the amendment of April 24, 1889, but these cases dealt only with the implied liability of the city under a charter which imposed upon it certain duties. * * * "

[1] This is the principle, unaffected by the statute, upon which the *Anderson case* was decided. And if this principle has not been modified by subsequent legislation the case before us is

one for the jury. It remains, therefore, for the court to consider what, if any, has been the effect of the said act of April 24, 1889. It is not the duty of the court to consider either the wisdom or policy of this act.

The court in the *Ewing case* further said: "The charter, as it now is, and was at the time of the alleged injury in this case, is express as to the circumstances under which the city shall and shall not be liable. 'If,' as is said in *Shearman and Redfield on Negligence*, § 124, 'the statute, either expressly or by necessary intendment, enacts that the corporation shall not be subject to a liability, there is the end of the matter'."

The effect of the statute and of this decision is to relieve the city from liability for all injuries by reason of defects in footways, not caused by the city or its authorized agents.

[2] Were the plumbers, the licensees, or their servants, agents of the city? We are of the opinion they were not, and also that the excavation, obstruction or other defective condition of the footway complained of, was not caused by the city or any of its authorized agents.

The case of *Dorlon et al. v. City of Brooklyn*, 46 *Barb.* (*N. Y.*) 604, is very much in point. There the court said: "The license issued to Reed by the Water Commissioners did not make him a public officer of the city, nor did the permission to connect the waste pipe, from the house, with the sewer, establish any such relation, between him and the defendant, as would render it responsible for injuries resulting from his negligence. * * * This is not the work of the city, but of private individuals. * * * It is done for their benefit, and at their expense. The license can in no sense be considered an employment by the city, of the plumber receiving it. In this case the acts of the plumber, in digging the excavation and placing the earth in the street, were lawful, as he had obtained permission to make the connections; but as these were obstructions in the street which necessarily rendered it unsafe for night travel, it was his duty, or that of his employer, to take such precautions as would avert the danger."

We feel compelled under the facts of this case, and under

the provision of the act relied upon by the defense, to instruct the jury to return a verdict for the defendant.

Verdict for the defendant.